IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| JAMES M. HOWARD, | ) | CASE NO. 3:19CV346 |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN NEIL TURNER, | ) | |
| | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendant, | ) | |

**Introduction**

Before me by referral[1] is the petition of James M. Howard for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Howard was incarcerated at the North Central Correctional Complex on February 15, 2019 and is serving a ten year term of incarceration after pleading guilty to two counts of unlawful sexual conduct with a minor.[3]

Here, Howard raises two grounds for relief, each related to the claim that his plea was

---

[1] The matter was referred to me pursuant to Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on February 15, 2019.
[2] ECF No. 1.
[3] ECF No. 7, Attachment 1 at 14-15. Howard was also adjudicated as a Tier II sexual offender and received a twenty-five year registration period. A later reclassification hearing would reduce this to a ten-year registration requirement (ECF No. 7, Attachment 1 at 135)

1

entered unknowingly, unintelligently, or involuntarily.[4] The State, in its return of the writ, contends that the decision of the Ohio appeals court that denied Howard's claim that he was not informed of his right to a jury trial was not an unreasonable application of clearly established federal law and that all other claims were procedurally defaulted.[5]

For the reasons that follow, I will recommend that the petition be dismissed in part and denied in part.

## Proceedings in the Ohio Courts

### A. Underlying Facts, Trial, and Conviction

Facts found by the state appellate court are presumed true by the federal habeas courts.[6] The following summary is drawn from the facts found in the appellate court opinion:[7]

In December of 2015, Detective Mike Brugler ("Det. Brugler") met with K.J., who told Det. Brugler that Howard, her great uncle, had sexually assaulted her multiple times in the past. According to K.J., the sexual assaults began when she was thirteen years old and included Howard touching her breasts, inner thighs, vagina, and buttocks as well as digitally penetrating her on one occasion. K.J. further told Det. Brugler that Howard's sexual assaults escalated as she aged, with Howard forcing her to perform oral sex with him, forcibly digitally penetrating her, forcing her to have vaginal intercourse with him, and forcing her to engage in sex with him and another person at age eighteen. K.J. reported that Howard stopped sexually abusing her when she moved from Ohio to attend college.[8]

---

[4] ECF No. 1 at 5-7.
[5] ECF No. 7 at 7-16.
[6] 28 U.S.C. §2254(e)(1).
[7] For the full text of the court opinion, see ECF No. 7, Attachment 1 at 130-151.
[8] *Id.* at 131-132.

During a second meeting with Det. Brugler, she was instructed to contact Howard by phone. She did so and the call was recorded by Det. Brugler. During the call, Howard recounted with K.J. the sexual incident that involved the additional male. Howard also admitted that his sexual abuse of K.J. started when she was either fourteen or fifteen. At the conclusion of the call, Howard can be heard asking K.J. for a naked picture of her. [9]

A grand jury indicted Howard on seven counts of rape and two counts of complicity to rape pertaining to sexually abusing K.J. Howard's charges proceeded to a jury trial. But at the close of the State's case-in-chief, a plea agreement was reached between the State and Howard. Howard's plea agreement with the State consisted of two counts being amended to Unlawful Sexual Conduct with a Minor, with the remaining charges being dismissed. Because Unlawful Conduct with a Minor is not a lesser included offense of Rape, Howard executed a Waiver of Indictment along with a Petition to Enter a Plea of Guilty or No Contest and pled guilty to the two counts of Unlawful Sexual Conduct with a Minor. [10]

When Howard changed his plea, the trial court advised Howard that he would have to register as a Tier II sex offender biannually for a period of 25 years. The trial court further advised Howard that he would be subject to a mandatory period of five years of post-release control. Thereafter, Howard's sentencing occurred on December 5, 2016, at which time the trial court sentenced him to five years in prison on each amended charge, consecutively, for an aggregate sentence of ten years in prison. The trial court again informed Howard that after he was released from prison, he would be subject to a 5-year period of post-release control, and

---

[9] *Id.* at 132-133.
[10] *Id.* at 133-134.

informed Howard of the potential penalties should Howard violate his post-release control.[11]

On January 3, 2017, Howard filed a motion to withdraw his plea[12] and a notice of appeal[13]. The appeal was stayed pending the trial court's ruling on Howard's motion to withdraw his plea[14]. Further, the State filed a motion with the trial court to reclassify Howard as a sex offender.[15] Over Howard's objection, a reclassification hearing occurred, and the trial court reclassified Howard as a sexual offender under the two charges, wherein Howard received a ten-year registration requirement, as opposed to the twenty-five year registration period previously imposed.[16]

Thereafter, the trial court denied Howard's Motion to Withdraw Plea on April 5, 2017.[17]

**B.     Direct appeal**

*1.     Ohio Court of Appeals*

On April 21, 2017, Howard filed a timely[18] second[19] notice of appeal.[20] Both appeals presented by Howard were consolidated for appellate review.[21] Howard raised the following four assignments of error:

---

[11] *Id.* at 134.
[12] ECF No. 7, Attachment 1 at 17-18.
[13] ECF No. 7, Attachment 1 at 32-33.
[14] ECF No. 7, Attachment 1 at 40-41.
[15] ECF No. 7, Attachment 1 at 25-26.
[16] ECF No. 7, Attachment 1 at 135.
[17] ECF No. 7, Attachment 1 at 30-31.
[18] A criminal defendant in Ohio has 30 days from the date his judgment of conviction and sentence is journalized to file a notice of appeal with the Ohio appellate court. Ohio R. App. P. 4(A).
[19] The first appeal, mentioned above, appealed his conviction, and was stayed until the court ruled on his motion to withdraw his guilty plea. The second appeal, mentioned here, appealed the trial court's decision to deny his motion to withdraw the guilty plea.
[20] ECF No. 7, Attachment 1 at 48-49.
[21] ECF No. 7, Attachment 1 at 52. For the motion to consolidate, *see Id.* at 50-51.

    a. The trial court erred when it accepted Appellant's guilty plea after failing to instruct on the maximum penalties associated with said plea during the Criminal Rule 11 plea colloquy.

    b. The trial court erred when it accepted Appellant's guilty plea after improperly instruction on sex offender registration requirements during the Criminal Rule 11 plea colloquy.

    c. The trial court erred when it failed to instruct appellant of his sixth amendment right to a trial by jury.

    d. The trial court erred in denying Mr. Howard's motion to withdraw plea. [22]

After the State filed a brief response, on October 2, 2017, the Ohio appellate court overruled Howard's assignments of error and affirmed the judgment of the trial court. [23]

## 2. *Supreme Court of Ohio*

On November 14, 2017, Howard timely[24] filed his appellate brief in the Ohio Supreme Court raising following proposition of law: [25]

    a. The Trial Court must strictly comply with Crim. R. 11 when advising the Appellant of his Constitutional right to a trial.

---

[22] For the full text of the appellate brief, *see* ECF No. 7, Attachment 1 at 55-83. For the assignments of error, *see Id.* at 58.
[23] ECF No. 7, Attachment 1 at 130.
[24] Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i). To be timely, a notice of appeal to the Supreme Court of Ohio must be filed within 45 days of the appellate judgment for which review is sought.
[25] ECF No. 7, Attachment 1 at 158-165.

The record does not indicate that the State filed a response. On April 25, 2018, Supreme Court of Ohio declined jurisdiction and dismissed the case.[26]

**Federal Habeas *Petition***

On February 14, 2019, Howard timely[27] filed[28] the present petition for federal habeas relief asserting the following two grounds:

a. The Ohio courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court case law by failing to rule that Howard's guilty plea was entered unknowingly, unintelligently, or involuntarily as a result of multiple trial court errors.

b. The Ohio courts entered a decision that was unreasonable in light of the trial record in the case in finding that Howard had entered his guilty plea knowingly, intelligently, and voluntarily.[29]

The State, in its return of the writ, maintained that all claims contained in Howard's petition procedurally defaulted, save the single claim that he was insufficiently advised of his right to a trial. It furthermore maintained that the decision of the Ohio appeals court regarding Howard's claim that he was insufficiently advised regarding his right to a trial was not an

---

[26] ECF No. 7, Attachment 1 at 191. The Ohio Supreme Court subsequently denied a motion to reconsider. *Id*. at 278.
[27] Subject to other factors not relevant here, a federal habeas petition must be filed within one year of the state conviction becoming final. 28 U.S.C. § 2244(d)(1). Here, the Supreme Court of Ohio dismissed Howard's appeal on June 27, 2018 and this federal habeas petition was filed on February 14, 2019.
[28] ECF No. 1.
[29] ECF No. 1 at 5, 7.

unreasonable application of clearly established federal law. [30]

The State points out that, in Howard's appeal to the Supreme Court of Ohio, Howard specifically claimed that "The Trial Court must strictly comply with Crim. R. 11 when advising Appellant of his Constitutional right to a trial." [31] Based on this, the State argues that all claims beside this must be procedurally defaulted, and, as Howard has failed to demonstrate a cause for his failure to raise any other claims, he cannot overcome this procedural bar. [32] Howard, in Traverse to Return of Writ, counters that, although the memorandum focused on the claim that he unaware that he had waived his right to a jury trial, the memorandum included broad enough language to include any reason for the plea to be entered unknowingly or unintelligently. [33]

Next, the State points out, as did the appellate decision, that Howard's guilty plea was made in the middle of a jury trial. [34] Furthermore, the trial judge told Howard that "when you plead guilty, the balance of the trial would not go forward." [35] Therefore, according to the State, under the totality of the circumstance, the trial court's advisement strictly complied with Crim. R. 11. [36] Howard responded that the court only advised him that he was waiving his right to the current trial, not about his right to a trial on the new charges.[37] He also asserted that the appellate court utilized an approach contrary to what the Supreme Court requires by asserting that it should only reverse the guilty plea in the case of "manifest injustice" rather than looking at whether the plea was entered knowingly, intelligently, and voluntarily in light of the "totality of

---

[30] ECF No. 7.
[31] ECF No. 7, Attachment 1 at 162.
[32] ECF No. 7 at 11, 12.
[33] ECF No. 8 at 1, 2.
[34] ECF No. 7 at 14, 15.
[35] ECF No. 7 at 15 (citing record).
[36] ECF No. 7 at 15, 16.
[37] ECF No. 8 at 5, 6.

the circumstances." [38]

## Analysis

**A.     Preliminary Observations**

Before proceeding further, I make the following preliminary observations:

   a. There is no dispute that Howard is in custody of the State of Ohio as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. [39]

   b. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute. [40]

   c. In addition, Williams appears to state in his petition, [41] and my own review of this Court's docket confirms, that this is not a second of successive petition for federal habeas relief as to this conviction and sentence. [42]

   d. Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[43]

---

[38] ECF No. 8 at 6, 7.
[39] 28 U.S.C. §2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984)
[40] 28 U.S.C. §2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000)
[41] ECF No. 1 at 12
[42] 28 U.S.C. §2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).
[43] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

**B.    The two grounds offered by the petitioner are better understood as four common claims of error.**

Howard has petitioned the court for a writ of habeas corpus on two counts. In each count, Howard makes very broad claims regarding the circumstances of his guilty plea that attempt to include any possible the violation of his Sixth Amendment rights. These claims are far too broad for this court to assess. Thus, instead of contemplating any possible violation of Howard's first amendment rights, I turn to Howard's supporting facts to see which violations he can provide support for.

Based on the supporting facts offered for Count 1, it appears that Howard is alleging three trial court errors and one appeals court error.[44] Howard claims that the trial court erred because it "failed to instruct him as to his … right to trial by jury," he was "unaware of the maximum penalty," and he has "an incorrect understanding of the applicable law." Howard claims that the appellate court erred by finding that he was not prejudiced by the trial court errors. Similarly, he alleges in the supporting facts for Count 2[45] that "the trial record fails to support a conclusion that Howard pleaded guilty with an accurate understanding of … his right to continue to proceed to trial, the maximum penalty he was facing, and the applicable law concerning sex offender registration." According to this count, the appellate court erred by reaching a conclusion that was unreasonable in light of the trial record, which showed that Howard was prejudiced by these errors.

---

[44] *See* ECF No. 1 at 5.
[45] *See* ECF No. 1 at 7.

Based on the facts offered to support Howard's claims, I recommend that two counts be understood as four claims: (1) Howard plead guilty without sufficient understanding of his right to trial by jury; (2) Howard plead guilty without knowledge of the maximum penalty; (3) Howard plead guilty without knowledge of the applicable law regarding sex offender registration, and (4) the appellate court entered a decision that unreasonably found that Howard entered his guilty plea knowingly, intelligently, and voluntarily.

**C.     All claims of error by the trial court, other than the claim that Howard's right to a jury trial was violated, are procedurally defaulted and cannot be reviewed.**

The court can only review a procedurally defaulted claim if the petitioner can demonstrate a cause for the default and prejudice resulting from the violation.[46] In this case, Howard only appealed to the Supreme Court of Ohio with the claim that "The Trial Court must strictly comply with Crim. R. 11 when advising Appellant of his Constitutional right to a trial."[47] Howard, in his reply to the State, claims that, while his attorneys focused on the right to a jury trial, this claim encompasses all possible reasons that his plea was entered unknowingly, unintelligently, or involuntarily. But his memorandum to the Supreme Court of Ohio does not support this reading. The memorandum repeatedly makes the claim that the "Appellant was never advised that he had the right to a jury trial."[48] It does not suggest at any point that there may be some other reason that the plea was entered unknowingly, unintelligently, or involuntarily.

---

[46] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)
[47] ECF No. 7, Attachment 1 at 158-165.
[48] *Id.* at 164.

Therefore, I recommend that Howard's claims that he was unaware of the maximum penalty or the applicable law be dismissed as procedurally defaulted for lack of fair presentment.[49] In that regard, Howard must demonstrate cause for not exhausting these claims and resulting prejudice in order to seek relief. Inasmuch as Howard has not presented any evidence of cause or prejudice or a claim of actual innocence, the court may not review these claims.

**D.     The claim that Howard's right to a jury trial was infringed should be dismissed without merit.**

Howard has alleged that his plea was entered unknowingly, unintelligently, or involuntarily as a result of his not being told of his right to a jury trial at the time he entered it.[50] In viewing a guilty plea, the court must consider the totality of the circumstances surrounding it.[51] "Statements made at the plea hearing … may be sufficient to clarify any ambiguity, or may constitute an express waiver."[52]

Turning to the factual findings of the appeals court opinion, the court found that the following statements were made during Howard's plea hearing:[53]

> Trial Court: That, when you plead guilty, the balance of the trial would not go forward and any additional rights you may have had today are waived or given up. That's your

---

[49] At this point, Howard has lost the chance to make a timely appeal to an appellate court or the Supreme Court of Ohio. *See* Ohio R. App. P. 4(A) and Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i).
[50] ECF No. 1 at 5, 7. *See* also Howard's memorandum to the Supreme Court of Ohio at ECF No. 7, Attachment 1 at 158-164.
[51] *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988).
[52] *United States v. Broce*, 488 U.S. 563, 587 (1989).
[53] ECF No. 7, Attachment 1 at 148.

right to confront the witnesses, your right to subpoena witnesses, your right to testify on your on [sic] behalf, your right not to testify and the prosecutor can't comment on that fact to the jury. As we've stated several times here, in this situation, the State has to prove all elements of the offense beyond a reasonable doubt. Do you have any additional question about your rights here?

Howard: No.

Trial Court: Do you understand that the balance of the trial will not go forward and the Court can sentence you as if the jury had convicted you of these two charges?

Howard: Yes.

The appellate court, based on this record, and after referencing the clearly established federal law applicable to this claim, ruled that Howard's right to a jury trial had not been violated here. As the appellate court noted, "when Howard entered his guilty pleas to the amended charges, he was in the middles of a jury trial." [54] Furthermore, the trial court made "clear and unambiguous" [55] references to his right to a jury trial by stating that "the balance of the trial would not go forward," [56] that Howard "had the right to confront witnesses" [57] and that "the State had the burden to prove all the elements of the offenses beyond a reasonable doubt." [58]

Therefore, looking at the totality of the circumstances, I recommend denying this claim

---

[54] ECF No. 7, Attachment 1 at 148.
[55] *Id*.
[56] *Id*.
[57] *Id.* at 149.
[58] *Id.*

on the merits since the decision of the Ohio appeals court on this issue was not an unreasonable application of clearly established federal law on the validity of guilty pleas.[59]

## Conclusion

For the reasons stated, I recommend that the petition of James Howard be dismissed as procedurally defaulted in part and denied in part, as is more fully detailed above.

IT IS SO RECOMMENDED.

Dated: January 12, 2022        s/William H. Baughman Jr.

United States Magistrate Judge

---

[59] In Howard's Traverse to Return of Writ, he claims that the fact that he was in the middle of a jury trial on the original counts does not indicate that he knew that he had a right to a trial on the amended indictment. *See* ECF No. 8 at 5. That said, the statements quoted by the appeals court speak for themselves in supporting the conclusion that Howard knew or should have known he had the right to a jury trial for all charges. Moreover, even if he did not know of his right to a trial under the new charges, there would be no prejudice rom that lack of knowledge since Howard's refusal to take the guilty plea would have resulted in the continuation of the original trial, not a jury trial under the amended indictment.

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation. To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation. If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it. If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.