IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James M. Howard, | Case No. 3:19 CV 346 |
| Plaintiff, | ORDER ADOPTING |
| -vs- | <u>REPORT & RECOMMENDATION</u> |
| Warden Neil Turner, | JUDGE JACK ZOUHARY |
| Defendant. | |

### INTRODUCTION

Petitioner James Howard seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Magistrate Judge William Baughman issued a Report and Recommendation ("R&R") (Doc. 9), concluding the Petition should be dismissed, to which Turner timely objected (Doc. 10). Having reviewed the R&R and Objections *de novo*, this Court adopts the R&R in its entirety. *See Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981); 28 U.S.C. § 636(b)(1).

### BACKGROUND

Howard makes no objection to the procedural history set forth in the R&R (*see* Doc. 9 at 2–9). Briefly, Howard was charged in state court with seven counts of rape in 2015 (*id.* at 2–3). Howard opted to go to trial, but at the close of the state's case, he accepted a plea agreement (*id.* at 3). He then pled guilty to two counts of unlawful sexual conduct with a minor and was sentenced to ten years imprisonment (*id.*). Howard later filed a motion to withdraw his plea, which was denied (*id.* at 4). After unsuccessfully appealing his conviction in the Ohio courts, Howard filed this Petition. He asserts his plea was entered unknowingly and involuntarily, and that the state courts ruled contrary to clearly established federal law in upholding his conviction (Doc. 1 at 8–14).

## DISCUSSION

In his Objection, Howard argues the R&R incorrectly found "that the Ohio courts did not rule contrary to, or unreasonably apply, clear federal case law and did not make unreasonable factual findings when concluding that his guilty plea was constitutionally entered despite failing to strictly comply with the requirement that he be notified of his right to trial" (Doc. 10 at 3). At bottom, Howard believes the trial Court failed to comply with Ohio Criminal Rule 11(C)(2)(c), which states that, before accepting a plea, the court must:

> Inform[] the defendant and [determine] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

When Howard opted to plead guilty mid-trial, the trial court engaged him in the following conversation (Doc. 7-1 at 291):

> Q: [I]f you tell me you're guilty today, I can sentence you today . . . . [W]hen you plead guilty, the balance of the trial would not go forward and any additional rights that you may have had today are waived or given up.
>     That's your right to confront witnesses, your right to subpoena witnesses, your right to testify on your own behalf, your right not to testify and the prosecutor can't comment on that fact to the jury. As we've stated several times here, in this situation, the State has to prove all elements of the offenses beyond a reasonable doubt. Do you have any question about your rights here?
> A: No.
>
> Q: Do you understand that the balance of the trial will not go forward and the Court can sentence you as if the jury had convicted you of these two charges?
> A: Yes.

Howard asserts this colloquy was insufficient to notify him of his right to a jury trial (Doc. 10 at 4). He argues "having a jury trial does not prove knowledge of a right to a jury trial" and that "strict compliance" with Rule 11 is required (*id.*). But a rote recitation of the Rule is not required:

> Failure to use the exact language contained in [Rule 11], in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the

2

record shows that the trial court explained these rights in a manner *reasonably intelligible to that defendant*.

*State v. Ballard*, 66 Ohio St. 2d 473, 473 (1981) (citation omitted) (emphasis added).

Here, the trial court properly advised Howard of the rights he was waiving before accepting the plea, which came in the middle of his jury trial. As outlined by the state appellate court (Doc. 7-1 at 152):

> [T]he trial court clearly explained to Howard that he had the right to confront witnesses, and that the State had the burden to prove all of the elements of the offenses beyond a reasonable doubt. Stated better, the trial court informed Howard in a manner reasonably intelligible to Howard that the remainder of his jury trial would "not go forward" if he pled guilty. Because the trial court's advisement occurred when Howard was in the middle of his jury trial (when he pled guilty) the trial court's advisement, under the totality of the circumstances, strictly complied with [Rule 11].

This Court agrees. Under the totality of the circumstances, it is clear Howard was sufficiently aware of the constitutional rights he was waiving, meaning his plea was knowing and voluntary. *See Berry v. Mintzes*, 726 F.2d 1142, 1149 (6th Cir. 1984).

## CONCLUSION

This Court adopts the R&R (Doc. 9) in its entirety. The Objection (Doc. 10) is overruled, and the Petition (Doc. 1) is denied. Because Howard has not made a substantial showing that he was denied a constitutional right, there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Further, an appeal from this Order could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 27, 2022